UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMILADE AKIN-OLUGBADE,

       Plaintiff,

                       CASE NO. 14-CV-13171
v.                     HONORABLE GEORGE CARAM STEEH

CITY OF FLINT DEMOLITION
BUILDING DEPARTMENT,

       Defendant.
_____/

ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED
IN FORMA PAUPERIS, DISMISSING PLAINTIFF'S
COMPLAINT WITHOUT PREJUDICE
AND DENYING ANY APPEAL IN FORMA PAUPERIS

Plaintiff Demilade Akin-Olugbade filed this action *pro se* against the City of Flint Demolition Building Department. Plaintiff apparently claims that defendant demolished his home in the City of Flint. Plaintiff seeks an unspecified amount of compensation for the loss of his home and personal belongings. For the reasons set forth below, plaintiff's complaint will be dismissed without prejudice for failing to state a claim upon which relief can be granted.

Although federal courts hold the *pro se* complaint to a less stringent standard than those drafted by attorneys, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), under 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on defendants if it is satisfied that the action is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it

seeks monetary relief from defendants who are immune from such relief. To state a claim upon which relief can be granted, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard under Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This requires "factual enhancement" amounting to more than "naked assertions." *Id.*

Although plaintiff filled out this district's form complaint used by *pro se* plaintiffs, he did not follow the instructions to provide sufficient detail to state a claim upon which relief can be granted. The form complaint requires, in part:

> II.  Statement of claim. Briefly state the facts of your case. Describe how each defendant is involved, and exactly what each defendant did, or failed to do. Include names of any other persons involved, dates, and places. You may use additional paper if necessary.

Plaintiff's complaint states that he owned a 20 bedroom home on 850 East Eight Street since 2011. Plaintiff states that he hired a contractor to fix the home in June of 2013, but apparently when plaintiff visited the home sometime in 2014, it was not there. Plaintiff's complaint in its current form does not apprise the Court of the legal claims he purports to set forth or how the defendant was involved in any alleged wrongdoing. The complaint does not provide the date plaintiff's property was allegedly demolished, why the demolition occurred, who was involved in the demolition, the defendant's role in the demolition or the extent of any personal property taken/removed from the home. Therefore, the complaint will be dismissed for failure to state a claim upon which relief can be granted. Given

plaintiff's *pro se* status, however, the Court will dismiss the complaint without prejudice to allow the plaintiff to re-file his action in a manner that satisfies Fed. R. Civ. P. 8 and *Iqbal*.

IT IS ORDERED that plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is GRANTED.  IT IS FURTHER ORDERED that plaintiff's case is DISMISSED WITHOUT PREJUDICE.  Based on the preceding order, this court certifies that any appeal from this decision would be frivolous, not in good faith and, therefore, pursuant to 28 U.S.C. § 1915(a)(3), may not be taken *in forma pauperis*.

IT IS SO ORDERED.

Dated:  September 5, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 5, 2014, by electronic and/or ordinary mail and
also on Demilade Akin-Olugbade,
P.O. Box 990751, Boston, MA 02199.

s/Barbara Radke
Deputy Clerk